OPINION — AG — THE OKLAHOMA CONSTITUTION ARTICLE X, SECTION26, PROHIBITS A SCHOOL DISTRICT FROM ENTERING INTO A CONTRACT OF EMPLOYMENT WITH A SUPERINTENDENT OR OTHER CERTIFICATED PERSONNEL TO HAVE THE EFFECT BEYOND THE FISCAL YEAR IMMEDIATELY FOLLOWING THE CURRENT FISCAL YEAR IN WHICH THE DECISION TO RE EMPLOY SUCH PERSONNEL IS MADE OR TAKES EFFECT BY OPERATION OF LAW. (CERTIFICATED PERSONNEL, MULTI CONTRACT) CITE: ARTICLE X, SECTION 23 ARTICLE X, SECTION 26, 70 O.S. 1971, 6-101(E) [70-6-101], 70 O.S. 1971, 6-108 [70-6-108], 70 O.S. 1973 Supp., 1-116(1) [70-1-116] (JOHN F. PERCIVAL) ** SEE: COURT OF APPEALS DECISION NO. 86,759 (1996) CITY OF BIXBY V. STATE OF OKLAHOMA EX REL. DEPARTMENT OF LABOR FILENAME: m0011735 Representative Jim Fried Attorney General of Oklahoma — Opinion November 6, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an official opinion wherein you state the following questions: "1. Are there any Oklahoma Constitutional or statutory provisions which prohibit local school boards from entering into multi-year contracts with District Superintendents? "If the answer to Question No. 1 is no; "2. Are there any constitutional, statutory or other provisions which limit the number of years in a multi-year contract?" Article X, Section 26 Okla. Const., as amended in 1972, states in the last proviso thereto: ". . . and provided further that nothing in this section shall prevent any school district from contracting with certificated personnel for periods extending one (1) year beyond the current fiscal year, under such conditions and limitations as shall be prescribed by law." Article X, Section 26 is the "debt limitation" provision of the Constitution which, like its Article X, Section 23 counterpart for state government, precludes local political subdivisions from incurring any indebtedness beyond the income and revenues for the current fiscal year. The exception provided in the quoted portion of Article X, Section 26 is for teacher contracts entered into in the current fiscal year to become effective in the next fiscal year. The proviso is a clear recognition of public school employment practices and the operation of the so-called "continuing contract" law for public school teachers. Superintendents of independent school districts are both "teachers" and "certificated personnel." 70 O.S. 1-116 [70-1-116](1) and 70 O.S. 1-116 [70-1-116](2) (1971). It is expressly made illegal to hire a superintendent who is not properly certified for the position by the State Board of Education. 70 O.S. 6-108 [70-6-108] (1971). The operation of the "continuing contract" law was the topic of a recent Attorney General's opinion. See Att'y Gen. Op. No. 79-316. The extensive discussion in Opinion No. 79-316 need not be repeated. Suffice it to say that the law, 70 O.S. 6-101 [70-6-101](E) (1971), requires the decision to reemploy or nonrenew any teacher to be made before April 10 of each year. A failure to give notice of nonrenewal by the April 10th date gives rise by operation of law to a right to reemployment for the next school year. Thus, rights are acquired in one fiscal year to be enjoyed in the next fiscal year. Were it not for the exception in the last proviso of Article X, Section 26 the "continuing contract" law would be of doubtful constitutionality. There is no intent expressly or impliedly stated in Article X, Section 26 to permit contracts with superintendents, teachers or other "certificated personnel" of the school district beyond the next ensuing fiscal year following the fiscal year in which the decision to reemploy is made. Due to our conclusion as to your first question, there is no need to answer your second question. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: The Oklahoma Constitution, Article X, Section 26 prohibits a school district from entering into a contract of employment with a superintendent or other certificated personnel to have effect beyond the fiscal year immediately following the current fiscal year in which the decision to reemploy such personnel is made or takes effect by operation of law. (John F. Percival) ** See: Court of Appeals Decision No. 86,759 (1996) — City of Bixby v. State of Oklahoma ex rel. Department of Labor **